IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

MARIA MERRITT,

        Defendant.
                               /

No. CIV S-10-0618 MCE EFB PS

ORDER TO SHOW CAUSE

This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On September 30, 2010, plaintiff filed a motion for summary judgment and noticed the motion for hearing before the undersigned on December 1, 2010. Dckt. No. 22. Rather than filing an opposition or a statement of non-opposition to plaintiff's motion for summary judgment and a response to plaintiff's statement of undisputed facts, as required by Local Rules 230(c) and 260(b), on October 6, 2010, defendant filed a "Notice of Conditional Acceptance" of the summary judgment motion.[1] Dckt. No. 24.

////

---

[1] Defendant has filed similar notices of conditional acceptance of other documents filed in this action, *see* Dckt. Nos. 7, 12, 13, 17, 18, 20, 25, and on August 13, 2010, the undersigned rejected many of the arguments made therein. *See* Dckt. No. 19.

1

Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by November 17, 2010. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Additionally, Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."

Finally, Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

////

Because defendant has failed to file an opposition or statement of non-opposition to plaintiff's motion for summary judgment, as required by Local Rule 230, and has failed to respond to plaintiff's statement of undisputed facts, as required by Local Rule 260, the hearing on plaintiff's motion for summary judgment will be continued and defendant will be ordered to show cause why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion and for failure to timely file a response to plaintiff's statement of undisputed facts. Defendant will also be ordered to file an opposition to the motion or a statement of non-opposition thereto and a response to plaintiff's statement of undisputed facts. A failure to comply with this order may result in a recommendation that plaintiff's motion for summary judgment be granted.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on plaintiff's motion for summary judgment, Dckt. No. 22, is continued to January 5, 2011.

2. Defendant shall show cause, in writing, no later than December 22, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion and for failure to timely file a response to plaintiff's statement of undisputed facts.

3. Defendant shall file an opposition to the motion, or a statement of non-opposition thereto, and a response to plaintiff's statement of undisputed facts, no later than December 22, 2010.

4. Failure of defendant to comply with this order will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that the motion be granted.

////

////

////

5. Plaintiff may file a reply to defendant's opposition, if any, on or before December 29, 2010.

SO ORDERED.

Dated: November 23, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4