IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

MARIA MERRITT,

        Defendant.
                                /

No. CIV S-10-0618 MCE EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

        This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Presently pending for decision is plaintiff's motion for summary judgment, which is noticed for hearing on January 5, 2011. The court has determined that oral argument will not materially assist in resolving the motion and, accordingly, the January 5 hearing on the motion is vacated pursuant to Local Rule 230(g). The court has carefully reviewed the pleadings and evidence on file and finds that for the reasons stated below plaintiff's motion for summary judgment must be granted.

I.    BACKGROUND

        Defendant Merritt filed a Uniform Commercial Code ("UCC") financial statement against a federal employee. Plaintiff, the United States "brings this action to obtain a judicial declaration that a document filed by defendant Maria Merritt with the Secretary of State for the

1

State of California against an employee of the United States is null, void, and without legal effect; and to enjoin the defendant from all future filings of similar documents." Dckt. No. 4 at 1 (Amended Complaint filed on March 31, 2010).

On September 30, 2010, plaintiff filed a motion for summary judgment and noticed the motion for hearing before the undersigned on December 1, 2010. Dckt. No. 22. Defendant did not file an opposition or a statement of non-opposition to plaintiff's motion for summary judgment and a response to plaintiff's statement of undisputed facts, in violation of Local Rules 230(c) and 260(b).[1] Therefore, on November 23, 2010, the court issued an order explaining the requirements set forth in Local Rules 230(c) and 260(b); continuing the hearing on plaintiff's motion for summary judgment to January 5, 2011; ordering defendant to show cause why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion; and directing defendant to file an opposition to the motion, or a statement of non-opposition thereto, and a response to plaintiff's statement of undisputed facts, no later than December 22, 2010. Dckt. No. 26. The order further provided that "[a] failure to comply with this order may result in a recommendation that plaintiff's motion for summary judgment be granted." *Id.*

On November 29, 2010, defendant filed a "Notice of Conditional Acceptance" of the November 23 order to show cause, Dckt. No. 27, and on December 6, 2010, defendant filed a letter with the court stating that she is "offering to work in good faith to release the lien against Ms. Wong" and that "[a]ll that is necessary to ensure the release would be a return of [defendant's] unaltered original signature instruments." Dckt. No. 28. Defendant states that upon the return of her instruments, she "will immediately release the lien," and that if the instruments are no longer physically available, she "will accept a credit to [her] account along

---

[1] Instead, on October 6, 2010, defendant filed a "Notice of Conditional Acceptance" of the summary judgment motion. Dckt. No. 24. Defendant had filed similar notices of conditional acceptance of other documents filed in this action, *see* Dckt. Nos. 7, 12, 13, 17, 18, 20, 25, and on August 13, 2010, the undersigned rejected many of the arguments made therein. *See* Dckt. No. 19.

with proof of discharge of the debt." *Id.* Defendant states that in light of that offer, she sees "no reason that [this case] should not be dismissed with prejudice and that the hearings set for January 5, 2011 . . . should not be vacated." *Id.* However, defendant still has not filed an opposition or a statement of non-opposition to the pending motion, a response to plaintiff's statement of undisputed facts, or a response to the November 23 order to show cause.

II. MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment against defendant "declaring that the UCC Financing Statement filed by defendant Maria Merritt against a federal government employee is null, void, and of no legal effect, and enjoining Merritt from filing similar sham UCC Financing Statements in the future." Dckt. No. 22 at 1. Plaintiff requests the entry of a permanent injunction pursuant to 26 U.S.C. § 7402(a). *Id.*

A. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Summary judgment avoids unnecessary trials in cases with no genuinely disputed material facts. *See N.W. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over material

3

facts; e.g., issues that can only be determined through presentation of testimony at trial such as the credibility of conflicting testimony over facts that make a difference in the outcome. *Celotex*, 477 U.S. at 323.

If the moving party meets its initial responsibility, the opposing party must establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11.

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

4

trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

B. Facts

Based on the pleadings and evidence on file in this action, the court finds the following facts to be undisputed:

In the course of her official Internal Revenue Service ("IRS") duties, Revenue Officer Nancy Wong was involved in the collection of unpaid federal tax liability from Norlin Merritt and his wife, defendant Maria Merritt. Pl.'s Stmt. of Undisputed Facts ("SUF") ¶ 1.[2] On April 28, 2009, Revenue Officer Wong was assigned to the collection case for Norlin Merritt to collect his unpaid federal tax liability. Maria Merritt is authorized to act as Norlin Merritt's power of attorney. SUF ¶ 2. In the course of her official duties for the IRS, Revenue Officer Wong issued levies on Norlin Merritt's bank accounts and accounts receivable, requested notices of federal tax liens be filed, and issued summonses to third parties. SUF ¶ 3.

On or about October 8, 2009, Revenue Officer Wong received, via registered mail from Mr. Merritt, privately issued "money orders" to cover the tax lien amounts. The money orders appeared to be fictitious financing instruments, so Revenue Officer Wong alerted the United States Treasury Inspector General for Tax Administration ("TIGTA") and did not process them. SUF ¶ 4.

On October 20, 2009, Maria Merritt filed with the Secretary of State for the State of California a UCC Financing Statement, Filing Number 09-7211735368, falsely describing Nancy Wong as a debtor. SUF ¶ 5. On October 23, 2009, via registered mail, Revenue Officer Wong received a copy of the UCC Financing Statement filed by Maria Merritt, which lists Nancy Wong as a debtor. The amount listed on the UCC Financing Statement is the same amount as listed on a notice of federal tax lien filed by the Automated Collection System on May 31, 2002. Maria Merritt enclosed a copy of this notice of federal tax lien with the UCC

---

[2] All citations to the Statement of Undisputed Facts herein incorporate by reference those citations stated in the SUF in support of each undisputed fact.

5

Financing Statement mailed to Revenue Officer Wong. SUF ¶ 6.

Revenue Officer Wong is not personally acquainted with Maria Merritt and she has not had any contact or relationship with her other than in her official capacity as a Revenue Officer. Revenue Officer Wong has not engaged in any contract, security agreement, or personal transaction with Maria Merritt and does not owe money to her. There is no legitimate reason for Maria Merritt to impose a lien on Revenue Officer Wong's personal property. SUF ¶ 7.

Revenue Officer Wong is aware of the false UCC Financing Statement that Maria Merritt filed against her with the California Secretary of State. The Financing Statement has caused her to experience distress and anxiety. For example, Revenue Officer Wong is concerned that the Financing Statement may have a negative impact on her permanent credit record. SUF ¶ 8.

C. Analysis

For the reasons discussed below, plaintiff has met its summary judgment burden by establishing that there is no genuine issue of material fact regarding whether defendant has interfered with the administration and enforcement of the internal revenue laws by filing an invalid UCC Financing Statement in retaliation for Revenue Officer Wong's performance of her official duties, and that the invalid UCC Financing Statement should be declared null and void. Plaintiff has also established that defendant should be permanently enjoined from filing non-consensual liens against employees of the United States.

1. Void Financing Statement

Plaintiff seeks summary judgment on its claim under 26 U.S.C. § 7402. Section 7402(a) provides that "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Section 7402 demonstrates "congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." *Brody v. United States*, 243 F.2d

6

378, 384 (1st Cir.), *cert. denied*, 354 U.S. 923 (1957). "[T]here need not be a showing that a party has violated a particular Internal Revenue Code section in order for an injunction to issue [under § 7402(a)] . The language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws." *United States v. Edwards*, 2008 WL 1925243, at *3-5 (E.D. Cal. Apr. 30, 2008) (quoting *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984)).

"The United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions." *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984). Section 7402(a) empowers a district court "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985). Bogus liens have been asserted "to harass IRS employees and deter them from enforcing the tax laws. The tax protestors, while claiming to act in the interests of freedom and personal liberty, use this weapon to harass private individuals in their private lives, as part of the tax protestors' campaign." *United States v. Van Dyke*, 568 F. Supp. 820, 821 (D. Or. 1983). Such liens "threaten substantial interference with the administration and enforcement of the internal revenue laws and are calculated to molest, interrupt, hinder and impede officials of the Internal Revenue Service in the good faith performance of their official duties as employees of the government of the United States." *United States v. Hart*, 545 F. Supp. 470, 473 (D.N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983).

Under applicable California law, a lien is created by a contract between the parties or by operation of law. Cal. Civ. Code § 2881. Under California Commercial Code section 9203(b)(3)(A), a security interest in personal property is created by a security agreement between a debtor and secured party. "In the absence of a valid security agreement, a financing statement does not create an enforceable security interest." *In re Wes Dor, Inc*., 996 F.2d 237, 239 n.2 (10th Cir. 1993).

////

Here, there is no genuine issue of material fact regarding whether defendant has interfered with the administration and enforcement of the internal revenue laws by filing an invalid UCC Financing Statement in retaliation for Revenue Officer Wong's performance of her official duties. Wong was assigned a collection case against the Merritts in 2009 and had no contact with the Merritts outside the scope of her official duties, which consisted of issuing levies on Norlin Merritt's bank accounts and accounts receivable, requesting notices of federal tax liens be filed, and issuing summonses to third parties. *See* 26 U.S.C. §§ 6321, 6322 and 6331(a) (establishing that the Internal Revenue Service has been specifically authorized by Congress to collect outstanding federal tax liabilities). Defendant then retaliated against Wong personally for her actions on behalf of the United States by attempting to filing a UCC Financing Statement and attempting to impose a lien on Wong. Plaintiff has submitted the declaration of Revenue Officer Wong as evidence that no security agreement or debtor relationship exists between her and defendant, and defendant has failed to rebut that evidence.

Therefore, § 7402 authorizes this Court to declare the financing statement null and void, which it is. *See, e.g., Ryan v. Bilby*, 764 F.2d at 1327 (holding that (1) § 7402(a) empowers the district court to "void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes," and (2) the district court thus had jurisdiction to release "baseless" "common-law liens" against judge, magistrate judges, and attorneys involved in taxpayer's prosecution for failure to file tax returns); *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1034-37 (9th Cir. 1985); *United States v. Edwards*, 2008 WL 1925243, at *3-5 (voiding sham UCC financing statements filed by taxpayer, and permanently enjoining taxpayer from filing any document or instrument purporting to create non-consensual liens or encumbrances against employees of the United States); *United States v. Tarantino*, 2007 WL 2062930, at *1 (E.D. Cal. July 16, 2007) (adopting magistrate judge's recommendation to (1) void UCC financing statements filed by taxpayer against IRS employees, and (2) permanently enjoin taxpayer from filing any documents or instruments of that kind against any employee of the

8

federal government); *United States v. Dutson*, 2007 WL 934726, at *1 (E.D. Cal. Mar. 27, 2007) (same); *United States v. Roy*, 2007 WL 614002, at *1 (E.D. Cal. Feb. 27, 2007) (same); *United States v. Molen*, 2007 WL 587198, at *1 (E.D. Cal. Feb. 26, 2007) (same).

2. <u>Injunctive Relief</u>

Plaintiff also seeks a permanent injunction prohibiting defendant from filing any document or instrument which purports to create a non-consensual lien or encumbrance against the person or property of an employee or officer of the United States of America. Under § 7402, district courts have jurisdiction to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). "The requirements for the issuance of a permanent injunction are (1) the likelihood of substantial and immediate irreparable injury, and (2) the inadequacy of remedies at law." *Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1317, n.3 (9th Cir. 2010) (quoting *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003)).[3] Additionally, "[i]n cases where the public interest is involved, the district court must also examine whether the public interest favors the plaintiff." *Fund for Animals v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Here, the undersigned finds that defendant engaged in conduct subject to injunction under § 7402 and that the United States will likely suffer irreparable harm in the absence of an injunction prohibiting defendant from filing non-consensual liens or encumbrances against United States employees. Absent an injunction, defendant will likely continue to violate § 7402 and interfere with the enforcement and administration of the internal revenue laws, especially since defendant has not acknowledged that the UCC Financing Statement she filed was

---

[3] Although it is unclear in the Ninth Circuit whether plaintiff must only meet the criteria set forth in § 7402(a) to merit injunctive relief or whether plaintiff must also establish the traditional equitable factors for an injunction, because the equitable requirements for the issuance of a permanent injunction are met here, that issue need not be reached. *See, e.g., United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) (finding, with regard to I.R.C. § 7408, that the "traditional requirements for equitable relief need not be satisfied since [the statute] expressly authorizes the issuance of an injunction").

9

frivolous, and instead made her offer to cooperate with the government in this action and to release the lien against Wong contingent upon the government returning her "unaltered original signature instruments" or crediting her "account along with proof of discharge of the debt." *See* Dckt. No. 28. Defendant's attempt to use the filing of a UCC Financing Statement as a means to obtain release of his tax obligations plainly manifest an attempt to discourage an IRS employee from performing her job. Without the permanent injunction plaintiff seeks, IRS employees like Wong are likely to face substantial and immediate irreparable injury (personal distress, clouding of title to property they own, and/or damaging their credit ratings), and their ability to discharge their official duties to collect federal taxes will be interrupted and/or hindered. *See United States v. Edwards*, 2008 WL 1925243, at *4 (finding that the defendant's filing of frivolous UCC Financing Statements caused irreparable harm, and stating that "Government employees deserve protection from [these] reckless, frivolous filings."); *United States v. Van Dyke*, 568 F. Supp. 820, 822 (D. Or. 1983) (defendant's actions "in filing these lawsuits and documents, impose irreparable harm upon the employees of the federal government with whom these tax protestors quarrel"). Apart from an injunction, the United States has no means, civilly, of stopping defendant from filing frivolous liens against Wong or other government employees. Further, because the UCC Financing Statement is without factual or legal basis, and thus has no force or legal effect, defendant will not be injured by an injunction which provides that she cannot record similar non-consensual liens or encumbrances in the future. Additionally, the public's interests in fair administration of federal tax laws and prevention to abuse and harass government employees supports the imposition of the permanent injunction plaintiff seeks. Accordingly, the Court finds that the permanent injunction that plaintiff seeks under § 7402 is necessary and appropriate for the enforcement of the internal revenue laws, and will recommend that it be granted.

////

////

III.     CONCLUSION

Based on the foregoing findings of fact, and the authority of this court pursuant to 26 U.S.C. § 7402, IT IS HEREBY ORDERED that:

1. The January 5, 2011 hearing on plaintiff's motion for summary judgment, Dckt. Nos. 22 and 26, is vacated; and

2. The status (pretrial scheduling) conference currently set for hearing on January 12, 2011 is vacated.[4]

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for summary judgment, Dckt. No. 22, be granted;

2. The UCC Financing Statement at issue (number 09-7211735368) be declared null, void, and without legal effect;

3. Plaintiff's request for permission to submit a proposed order of nullification suitable for filing with the Secretary of State of California be granted;

4. Defendant be immediately and permanently enjoined from filing any document or instrument which purports to create a non-consensual lien or encumbrance against the person or property of an employee or officer of the United States of America; and

5. The Clerk be directed to enter judgment for plaintiff and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

---

[4] As a result, the parties are not required to submit status reports as provided in the October 19, 2010 order.  *See* Dckt. No. 2.  However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

11

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE